1
2
3
4
5
6        **UNITED STATES DISTRICT COURT**
7        **EASTERN DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| 9  **KIM MARTINEZ, individually and as Successor In Interest to Bonnie Van Tassel,** | **CASE NO. 1:21-CV-0739 AWI SAB** |
| 10 | |
| **Plaintiffs** | **ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS** |
| 11 **v.** | |
| 12 | |
| 13 **SPRUCE HOLDINGS, LLC d/b/a Redwood Springs Healthcare Center, and DOES 1-50 inclusive,** | (Doc. No. 7, 9) |
| 14 | |
| 15 **Defendants** | |

16

17        This removed case stems from the death of decedent Bonnie Van Tassel ("Van Tassel")

18 from Covid 19 while she was a resident at a nursing home run by Defendant Spruce Holdings,

19 LLC ("Spruce").  Plaintiff Kim Martinez ("Martinez") filed a complaint in the Tulare County

20 Superior Court and alleged three state law claims for elder abuse, willful misconduct, and

21 wrongful death.  These theories are grounded in the allegation that Spruce failed to provide

22 appropriate services and take any appropriate safety measures (including distribution and use of

23 personal protective equipment and monitoring staff) in dealing with the Covid 19 pandemic,

24 despite the vulnerabilities of elderly residents like Van Tassel at Spruce.  Spruce removed the

25 matter to this Court on May 7, 2021, on the basis of federal question and federal officer

26 jurisdiction.  Currently before the Court is Plaintiff's motion to remand and Spruce's motion to

27 dismiss.  For the reasons that follow, Plaintiff's motion to remand will be granted and Spruce's

28 motion to dismiss will be denied.

1

**REMAND FRAMEWORK**

2        A district court has "a duty to establish subject matter jurisdiction over the removed action

3  *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell

4  & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  Removal statutes generally are strictly construed

5  against removal jurisdiction.  Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012);

6  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010).  It is

7  presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of

8  establishing the contrary rests upon the party asserting jurisdiction.  Geographic Expeditions, 599

9  F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  "The strong

10 presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of

11 remand to state court."  Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.

12 1992).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as

13 to the right of removal in the first instance."  Geographic Expeditions, 599 F.3d at 1107; Gaus,

14 980 F.2d at 566.  "If at any time prior to judgment it appears that the district court lacks subject

15 matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); Demartini v. Demartini,

16 964 F.3d 813, 818 (9th Cir. 2020).  "Section 1447(c) remands are mandatory because once it

17 appears that he district court lacks subject matter jurisdiction the court must remand."  Demartini,

18 964 F.3d at 810; Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997) ("Remand under 28 U.S.C.

19 § 1447(c) "is mandatory, not discretionary.").

20

21

**PLAINTIFF'S MOTION**

22        *Plaintiff's Arguments*

23        Martinez argues that there is no federal jurisdiction and that remand is mandatory.  First,

24 there is no "federal officer jurisdiction" under 28 U.S.C. § 1442(a)(1) because *inter alia* Spruce

25 was not acting under the direction of a federal officer.  At best, Spruce has only shown that it acted

26 in accordance with federal guidance by the CDC, but complying with the law is insufficient to

27 show that a person was acting under a federal officer.  Second, there are only state law claims

28 alleged.  There are no important federal issues or substantial federal questions at issue.  Although

2

1 | Spruce invokes the PREP Act,[1] that statute does not apply because the complaint is based on a

2 | failure to act.   Finally, the PREP Act does not meet the criteria for "complete preemption."

3 | Without complete preemptive force, Spruce's invocation of the PREP Act cannot justify removal.

4 |       *Defendant's Opposition*

5 |       Spruce argues that federal question jurisdiction exists and that remand must be denied.

6 | First, the PREP Act is a complete preemption statute, as explained by *Rachal v. Natchitoches*

7 | *Nursing & Rehab. Center*, 2021 U.S. Dist. LEXIS 105847 (W.D. La. Apr. 30, 2021) and *Garcia v.*

8 | *Welltower OpCo Grp. LLC*, 2021 U.S. Dist. LEXIS 25738 (C.D. Cal. Feb. 10, 2021).   Since

9 | Martinez's allegations fall squarely under the PREP Act, the complete preemption doctrine

10 | provides the Court with subject matter jurisdiction.   Second, the HHS Secretary has determined

11 | that there is a substantial federal policy in having a uniform interpretation of the PREP Act.

12 | Further, both prongs of *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308,

13 | 312 (2005) are met because the Complaint seeks damages for claims relating to covered

14 | countermeasures under the PREP Act and no comity principles would be disturbed through the

15 | exercise of jurisdiction.   Therefore, there is substantial federal question jurisdiction under *Grable*.

16 | Third, federal officer jurisdiction exists because federal directives from the CDC and CMS

17 | directed the operational decisions related to clinical pandemic response in skilled nursing homes.

18 | Spruce and other nursing homes acted to assist the duties of the CDC and CMS.

19 |       *Legal Standards*

20 |       Federal courts have "original jurisdiction of all civil actions arising under the Constitution,

21 | law, or treaties of the United States." 28 U.S.C. § 1331.   "The presence or absence of federal

22 | question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

23 | jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

24 | pleaded complaint." Rainero v. Archon Corp., 844 F.3d 832, 837 (9th Cir. 2016); California v.

25 | United States, 215 F.3d 1005, 1014 (9th Cir. 2000).   Under the "well-pleaded complaint" rule,

26

27 | [1] The PREP Act authorizes the Secretary of Health and Human Services ("HHS") to issue a declaration determining that a "disease or other health condition or other threat to health constitutes a public health emergency." 42 U.S.C. § 247d-6d(b). If applicable, the PREP Act provides immunity from liability for "all claims for loss caused by, arising

28 | out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1).

1   courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or

2   declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the

3   defendant may interpose." California, 215 F.3d at 1014.  Accordingly, "a case may not be

4   removed on the basis of a federal defense, including the defense of preemption, even if the defense

5   is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the

6   only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); City of

7   Oakland v. BP PLC, 969 F.3d 895, 904 (9th Cir. 2020); see also Vaden v. Discover Bank, 129 S.

8   Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question lurks somewhere inside

9   the parties' controversy, or that a defense or counterclaim would arise under federal law.").

10        Most directly and often, jurisdiction under § 1331 attaches when federal law creates the

11   cause of action asserted. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning, 136 S.Ct. 1562,

12   1569 (2016); Hornish v. King Cty., 899 F.3d 680, 687 (9th Cir. 2018).  However, § 1331 can

13   confer jurisdiction over a small category of state law claims where the state law claim

14   "'necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum

15   may entertain without disturbing any congressionally approved balance of federal and state

16   power.'" Merrill Lynch, 136 S.Ct. at 1570 (quoting Grable & Sons Metal Prods., Inc. v. Darue

17   Eng'g & Mfg., 545 U.S. 308, 315-16 (2005)); Hornish, 899 F.3d at 687-88.  "That is, federal

18   jurisdiction over a state law claim will lie if a federal issue is:  (1) necessarily raised, (2) actually

19   disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the

20   federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013);

21   Hornish, 899 F.3d at 688.

22        Additionally, while the defense of federal preemption is insufficient confer federal

23   question jurisdiction, Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1185 (9th Cir. 2002),

24   the doctrine of "complete preemption" does confer jurisdiction. See Caterpillar, 482 U.S. at 392;

25   Garcia v. SEIU, 993 F.3d 757, 762 (9th Cir. 2021).  Complete pre-emption is rare and has the

26   effect of recharacterizing a state law claim into a federal law claim. Hansen v. Group Health

27   Coop., 902 F.3d 1051, 1057-58 (9th Cir. 2018).  "Once an area of state law has been completely

28   pre-empted, any claim purportedly based on that pre-empted state law is considered, from its

1   inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 392;

2   Garcia, 993 F.3d at 762.  Complete preemption for purposes of § 1331 exists when Congress (1)

3   intended to displace a state-law cause of action, and (2) provided a substitute cause of action.  City

4   of Oakland, 969 F.3d at 906; Hansen, 902 F.3d at 1057.

5          Apart from § 1331, 28 U.S.C. § 1442 permits a defendant to remove a civil action to

6   federal court if the civil action is against *inter alia* "any officer (or any person acting under that

7   officer) of the United States or of any agency thereof, in an official or individual capacity, for or

8   relating to any act under color of such office . . . ."  28 U.S.C. § 1442(a)(1); Goncalves v. Rady

9   Children's Hosp. San Diego, 865 F.3d 1237, 1243 (9th Cir. 2017). To invoke removal federal

10  officer jurisdiction under § 1442(a)(1), a defendant must demonstrate that:  (1) it is a 'person'

11  within the meaning of the statute; (2) there is a causal nexus between its actions and the plaintiff's

12  claims, (3) the actions were taken pursuant to a federal officer's directions, and (4) it can assert a

13  colorable federal defense.  See Riggs v. Airbus Helicopters, Inc., 939 F.3d 981, 985 (9th Cir.

14  2019); Fideltad, Inc. v. Insitu, Inc., 904 F.3d 1095, 1099 (9th Cir. 2018).  Simply complying with

15  the law, even if the law is highly detailed and the defendant is "highly regulated," is not conduct

16  taken under a federal officer's direction and thus, is insufficient to confer jurisdiction.  Riggs, 939

17  F.3d at 985; Goncalves, 865 F.3d at 1245.  A private party acts under a federal officer if the party

18  is involved in an effort to assist, or to help carry out, the duties or tasks of the federal superior; the

19  relationship typically involves subjection, guidance, or control.  Fideltad, 904 F.3d at 1099;

20  Goncalves, 865 F.3d at 1245.  Although jurisdiction under § 1442(a)(1) is not limitless, the statute

21  is construed liberally and with a policy favoring removal.  Fideltad, 904 F.3d at 1099; Goncalves,

22  865 F.3d at 1244.

23          *Discussion*

24          Spruce's briefing is extensive.  However, the Court is not persuaded by Spruce's

25  arguments and concludes that subject matter jurisdiction is lacking.

26          First, courts within the Ninth Circuit routinely hold that nursing homes implementing CDC

27  regulations relating to Covid 19 are merely complying with regulations or following the law, they

28  are not acting pursuant to a federal officer's direction for purposes of § 1442.  E.g. Estate of

1    Jenkins v. Beverly Hills Senior Care Facility, Inc., 2021 U.S. Dist. LEXIS 152198, *17-*18 (C.D.

2    Cal. Aug. 12, 2021); Leroy v. Hume, 2021 U.S. Dist. LEXIS 152174, *21-*22 (E.D. N.Y. Aug.

3    12, 2021); Swick v. Canoga Healthcare, Inc., 2021 U.S. Dist. LEXIS 147237, *2-*3 (C.D. Cal.

4    Aug. 5, 2021); Thomas v. Century Villa Inc., 2021 U.S. Dist. LEXIS 110094, *16-*17 (C.D. Cal.

5    June 10, 2021); Riggs v. Country Manor La Mesa Healthcare Ctr., 2021 U.S. Dist. LEXIS 98796,

6    *8-*10 (S.D. Cal. May 25, 2021).  The Court agrees with these courts.  Because Spruce was not

7    acting under the direction of a federal officer, Spruce's attempted removal under § 1442(a)(1) is

8    ineffective.  Riggs, 939 F.3d at 985; Goncalves, 865 F.3d at 1245.

9         Second, only two courts have held that the PREP Act is broad enough to support the

10   complete preemption doctrine, *Rachal* and *Welltower*.  The dozens of other courts to have

11   addressed the issue have found that the PREP Act is not a complete preemption statute.  E.g.

12   Estate of Jenkins, 2021 U.S. Dist. LEXIS 152198 at *10-*14 (and cases cited therein); Swick,

13   2021 U.S. Dist. LEXIS 147237 at *2-*3 (and cases cited therein); Leroy, 2021 U.S. Dist. LEXIS

14   152174 at *17 (and cases cited therein); Rae v. Anza Healthcare, Inc., 2021 U.S. Dist. LEXIS

15   105748, *5 (S.D. Cal. June 3, 2021) (and cases cited therein); Riggs, 2021 U.S. Dist. LEXIS

16   98796 at *5-*6.  These courts generally hold that the PREP Act does not meet the Ninth Circuit

17   test for preemption because the PREP Act does not completely replace state law claims like

18   Martinez's related to Covid 19, nor does the PREP Act provide a substitute cause of action to

19   Martinez's claims.  E.g. Estate of Jenkins, 2021 U.S. Dist. LEXIS 152198 at *10-*14; Swick,

20   2021 U.S. Dist. LEXIS 147237 at *7.  These courts also distinguish *Rachal* on the basis that it is

21   contrary to the weight of authority and relies on an inapt comparison of the PREP Act to the Air

22   Transportation Safety and System Stabilization Act, a statute which had been held to support

23   complete preemption.  See Leroy, 2021 U.S. Dist. LEXIS 15217 at *17-*18; Thomas, 2021 U.S.

24   Dist. LEXIS 110094 at *11 n.2.  These courts also distinguish *Welltower* on the basis that it is

25   contrary to the clear weight of authority and did not apply the controlling Ninth Circuit test for

26   complete preemption.  See Estate of Jenkins, 2021 U.S. Dist. LEXIS 152198 at *10-*14; Swick,

27   2021 U.S. Dist. LEXIS 147237 at *7; Rae, 2021 U.S. Dist. LEXIS 105748 at *5 n.2.  This Court

28   agrees with the majority position and finds that the PREP Act does not completely preempt

Martinez's claims.  As such, the PREP Act merely supports a defense of federal preemption, which does not support federal question jurisdiction.  City of Oakland, 969 F.3d at 904; Wayne, 294 F.3d at 1185.

Third, courts generally find that, when a plaintiff brings claims such as those brought by Martinez (wrongful death, elder abuse, and willful misconduct based on a total failure to adequately manage dangers from Covid 19), no substantial question of federal law is presented. E.g. Estate of Jenkins, 2021 U.S. Dist. LEXIS 152198 at *15-*16; Swick, 2021 U.S. Dist. LEXIS 147237 at *8-*9; Elliot v. Care Inn of Edna LLC, 2021 U.S. Dist. LEXIS 122528, *16-*17 (N.D. Tex. June 30, 2021); Thomas, 2021 U.S. Dist. LEXIS 110094 at *14-*15; Rae, 2021 U.S. Dist. LEXIS 105748 at *7-*8; Riggs, 2021 U.S. Dist. LEXIS 98796 at *6-*8.  These courts point out that claims such as Martinez's require no interpretation of the PREP Act or any other federal statute, do not challenge a federal statute's constitutionality, and do not treat the PREP Act or any other federal statute as an essential element.  See id.  Instead, in relation to Martinez's claims, the PREP Act is part of this case only as an immunity defense being pursued by Spruce.  See id. Stated differently, "immunity under the PREP Act is a defense, not a necessary aspect of [Martinez's] state law claims."  Rae, 2021 U.S. Dist. LEXIS 105748 at *7.  Removal cannot be based on a mere federal defense.  See City of Oakland, 969 F.3d at 904; Wayne, 294 F.3d 1179, 1185.  The Court agrees with the analyses of these cases.  Because Martinez's claims do not raise a substantial federal question under the PREP Act or any other federal statute, there is no federal question jurisdiction under *Manning*, *Gunn*, or *Grable*.  See Estate of Jenkins, 2021 U.S. Dist. LEXIS 152198 at *15-*16; Swick, 2021 U.S. Dist. LEXIS 147237 at *8-*9; Elliot, 2021 U.S. Dist. LEXIS 122528 at *16-*17; Thomas, 2021 U.S. Dist. LEXIS 110094 at *14-*15; Rae, 2021 U.S. Dist. LEXIS 105748 at *7-*8; Riggs, 2021 U.S. Dist. LEXIS 98796 at *6-*8.

In light of the above, Spruce has failed to demonstrate that this Court has federal subject matter jurisdiction through operation of either § 1331 or § 1442(a)(1).  Moreover, even if the Court found some aspects of Spruce's arguments persuasive, Spruce's arguments are decidedly the minority position.  The overwhelming weight of authority is against Spruce.  That overwhelming weight is alone sufficient to create doubt over the Court subject matter jurisdiction, and that doubt

is resolved against jurisdiction and in favor of remand.  <u>Geographic Expeditions</u>, 599 F.3d at 1107; <u>Gaus</u>, 980 F.2d at 566.  Because Spruce has failed to meet its burden of sufficiently demonstrating subject matter jurisdiction, this Court is under a mandatory duty to remand.  28 U.S.C. § 1447(c); <u>Demartini</u>, 964 F.3d at 810; <u>Bruns</u>, 122 F.3d at 1257.  Therefore, the Court will grant Martinez's motion to remand and administratively deny Spruce's motion to dismiss without prejudice to reasserting its arguments in the state court.

## <u>ORDER</u>

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to remand (Doc. No. 9) is GRANTED;

2.    This matter is REMANDED forthwith to the Tulare County Superior Court; and

3.    Defendant's motion to dismiss (Doc. No. 7) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   August 31, 2021                         _____

                                                                          SENIOR  DISTRICT  JUDGE